

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5806 | **DATE** | 3/27/2001 |
| **CASE TITLE** | U.S.A. ex rel: Obert-Hong vs. Advocate Health Care et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. We dismiss the complaint without prejudice and with leave to file an amended complaint within 30 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 28 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail A 450 form. | FILED FOR DOCKETING 01 MAR 28 AM 8:02 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex relatione, JOHN M. OBERT-HONG, <br><br> Plaintiffs, <br><br> vs. <br><br> ADVOCATE HEALTH CARE, an Illinois corporation, and SOUTH SUBURBAN HOSPITAL, an Illinois corporation and subsidiary of ADVOCATE, <br><br> Defendants. | No. 99 C 5806 |

DOCKETED
MAR 2 8 2001

## MEMORANDUM OPINION AND ORDER

Relator John M. Obert-Hong (relator) filed this *qui tam* action on behalf of the United States, against defendants Advocate Health Care (Advocate) and South Suburban Hospital (SSH). He alleges that defendants sought payment from the government in violation of the Federal False Claims Act (FCA), 31 U.S.C. §§ 3729-3733. Defendants move to dismiss for failure to plead fraud with particularity, Fed.R.Civ.P. 9(b), and for failure to state a claim, Fed.R.Civ.P. 12(b)(6). For the following reasons, we dismiss the complaint on 9(b) grounds, without prejudice, and decline to reach the remaining questions.

## BACKGROUND

Obert-Hong is a physician and former Advocate employee. Advocate is a for-profit health care provider, including a network of affiliated doctors and hospitals. SSH is an Advocate subsidiary. Defendants participate in various federal healthcare programs, including Medicare, Medicaid and TriCare. For each federal patient treated defendants

submit claims to the relevant government agency for payment.

Obert-Hong claims that defendants illegally offered doctors special benefits to induce them to refer federal patients to its hospitals, including SSH. Among the allegations, defendants induced doctors to relocate to geographic areas that it served; required those doctors to become members of Advocate South Suburban Health Partners (A-SSHP); required doctors to admit or refer A-SSHP subscribers to SSH for health and laboratory services; and knowingly used false codes in applying for federal payments. To encourage referrals, Advocate paid doctors commercially unreasonable prices to purchase their practices; paid employee doctors commercially unreasonable salaries; paid for independent doctors' malpractice insurance, marketing, billing, office staff, office space and equipment expenses; leased office space to doctors below fair market value; and leased equipment to doctors on a month-to-month basis and below fair market value. All these benefits were allegedly based on the volume or value of patients that each doctor referred to defendants' facilities. These practices, Obert-Hong alleges, violate the Anti-Kickback Act, 42 U.S.C. §§ 1320a-7(b), and the Stark Act, 42 U.S.C. § 1395nn, which regulate federal healthcare reimbursement programs. When submitting claims to the government, healthcare providers must certify that they have complied with all relevant regulations, including the Anti-Kickback and Stark laws. Obert-Hong maintains that because defendants had violated those laws, submitting certificates that aver compliance constitutes a false claim.

Defendants have moved to dismiss on four grounds. First, they assert that the complaint does not plead fraud with particularity, as required by Rule 9(b). Second, they maintain that the practices alleged in the complaint are permissible under the Anti-Kickback

and Stark laws. Third, they argue that Anti-Kickback and Stark violations cannot form the basis for an FCA claim. And fourth, defendants assert they could not have knowingly submitted false claims because the governing agency had not yet promulgated final regulations defining proper hospital-doctor relationships. The United States declined to intervene, but filed a brief *amicus curiae* on the third issue.

## DISCUSSION

Rule 9(b) requires, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). It is undisputed that Rule 9(b) applies to actions under the FCA. *See* Wisz *ex rel.* United States v. C/HCA Devel., Inc., 181 F.R.D. 385, 387 (N.D. Ill. 1998). Under Rule 9(b), "circumstances" includes "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Bankers Trust Co. v. Old World Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992). "Particularity" means "the who, what, when, where and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 628 (7th Cir. 1990). Obert-Hong falls far short of these standards here.

This complaint is full of conclusory allegations, but includes no details. It outlines the general methodology of a scheme, but offers no specific instances of fraud. It describes general contract terms defendants had with doctors, but does not identify a single doctor who signed such a contract or a single false claim. Courts have repeatedly found comparable pleadings insufficient:

> [T]he complaint does not identify or describe any specific hospital cost reports or transactions that allegedly give rise to violations of the FCA. Rather, the

> [complaint] merely describes the contracts between the vendor defendants and defendant hospitals, but does not identify with particularity any sales or claims for payment that were allegedly false. ... Relator's [complaint], in essence, sets out a methodology by which the vendors might have produced false invoices, which in turn could have led to false claims. Without citing a single false claim arising from an allegedly false invoice, Relator has not met even a bare bones Rule 9(b) test.

United States *ex rel.* Walsh v. Eastman Kodak Co., 98 F.Supp.2d 141, 147 (D. Mass. 2000); *see also* United States *ex rel.* Butler v. Magellan Health Serv., Inc., 101 F.Supp.2d 1365, 1369 (M.D. Fla. 2000) (plaintiff "merely alleges a scheme of fraud, and not specific occurrences or facts which support this general scheme").

The complaint also fails to list specific dates when defendants made these supposedly fraudulent claims. All Obert-Hong states is that these practices continued from 1994 forward (cplt. ¶¶ 34-37.)[1] There are no references to when defendants signed a specific doctor to such a contract, paid a specific illegal kickback to a doctor, received a specific tainted referral, submitted a specific claim to the government or filed a specific compliance certificate. Such a generalized temporal reference is insufficient. *See* Boyd Machine and Repair Co. v. American Int'l Homes, Ltd., 100 F.Supp.2d 898, 900 (N.D. Ill. 2000). Nor does Obert-Hong attach or reference any specific documents, such as a contract with a doctor, a claim submitted to the government, a cost report or a compliance certificate. These documents, which contain the purportedly fraudulent representations, are central to Obert-Hong's claim. *See* Butler, 101 F.Supp.2d at 1369. The complaint must include particularized facts detailing their fraudulent contents.

Because of the breadth of the allegations – possibly hundreds of doctors and thousands

---

[1] Notably, the complaint asserts this time period under the heading "Summary of Claims," not among its purportedly particularized allegations.

of claims over several years[2] – the complaint need not recite specifics for every transaction. But relator "must provide some representative examples of the fraud which detail the specifics of who, where and when." United States *ex rel.* Minnesota Ass'n of Nurse Anesthetists v. Allina Health Syst. Corp., 1997 U.S. Dist. LEXIS 21402 at *33 (D. Minn. Mar. 3, 1997). This complaint suffers the same flaw. It "does not once describe a single instance of the fraudulent conduct that names a specific [doctor] on an exact date at a particular hospital with reference to either the procedure, patient or bill." *Id.* at *34. Under Rule 9(b), the complaint must include these details.

This complaint is so conclusory it is questionable whether it would satisfy even liberal notice pleading standards. It certainly does not meet the heightened requirements to state a fraud claim. Because we find the complaint deficient under Rule 9(b), we express no opinion on defendants' remaining arguments.

## CONCLUSION

For the foregoing reasons, we dismiss the complaint without prejudice and with leave to file an amended complaint within thirty days.

*[signature]*
JAMES B. MORAN
Senior Judge, U. S. District Court

March 27, 2001.

---

[2] The fact that the complaint does not estimate the allegations' breadth is telling, too.